IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-60-BO

| | |
|---|---|
| PAULA NEWMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREENVILLE NC POLICE DEPARTMENT )<br>and C.D. ATKINSON, )<br>)<br>Defendants. ) | O R D E R |

This matter comes before the Court on defendants' motion to dismiss [DE 14] and plaintiff's *pro se* motion for summary judgment [DE 18]. Both have been fully briefed and are ripe for disposition. For the reasons discussed below, defendant's motion to dismiss [DE 14] is GRANTED and plaintiff's motion for summary judgment [DE 18] is DENIED.

## BACKGROUND

In April 2015, defendant Sgt. C.D. Atkinson of the Greenville Police Department arrested plaintiff for disorderly conduct outside a bookstore. [DE 5, p. 1]. Defendants searched plaintiff while conducting the arrest. [DE 5, p. 4]. Plaintiff was then held for several hours until she was released on a $200.00 secured bond. [DE 5, p. 1]. When plaintiff returned to the bookstore, she discovered that her computer "was no longer in working condition" and that her automobile had been "damaged by vagrants in the bookstore parking lot." [DE 5, p. 4]. Plaintiff was arrested a second time in June 2015 for failure to appear in court in May. [DE 5, p. 1]. In July 2015, plaintiff's disorderly conduct charge was dismissed. *Id.*

In April 2018, plaintiff brought suit against Sgt. Atkinson and the Greenville Police Department. [DE 5]. Plaintiff's complaint includes claims for (1) false arrest under 42 U.S.C. §

1983, (2) libel, (3) illegal detention, (4) intentional infliction of emotional distress, and (5) illegal search and seizure. [DE 5]. Plaintiff alleges that she "endured emotional stress" and "continues to seek counseling" as a result of defendants' conduct. [DE 5, p. 3]. She also alleges damage to her personal property. [DE 5, p. 4].

In May 2018, defendants' moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 14]. Plaintiff responded in opposition. [DE 17]. Plaintiff then moved for summary judgment. [DE 18]. Defendants' responded in opposition. [DE 19].

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Each of plaintiff's claims must be dismissed. First, each of plaintiff's claims against defendant Greenville Police Department must be dismissed because the police department is not subject to suit under North Carolina law. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke*

*Cnty.*, 660 F.2d 111, 113–14 (4th Cir. 1981). Absent statutory authorization to the contrary, only "persons in being" are subject to suit in North Carolina. *Wright v. Town of Zebulon*, 202 N.C. App. 540, 543 (2010). "In North Carolina there is no statute authorizing suit against a police department. A municipal police department is a component of the municipality and, therefore, lacks the capacity to be sued." *Id.* (citations omitted). The Greenville Police Department is, thus, not subject to suit under North Carolina law, so each of plaintiff's claims against it must be dismissed.

Second, plaintiff cannot state a claim for false arrest under 42 U.S.C. § 1983 against defendants. To establish an actionable claim, plaintiff must "show that the officer[] decided to arrest her for disorderly conduct without probable cause." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). "For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." *Id.* Plaintiff alleges only that defendant Atkinson arrested her "while she was sitting in a specified and legal sitting area in front of" a Barnes & Noble bookstore. [DE 5, p. 1]. Plaintiff has not alleged sufficient facts to show that defendant Atkinson lacked probable cause to arrest her. Thus, plaintiff's Section 1983 claim must be dismissed.

Third, each of plaintiff's state law claims—libel, illegal detention, intentional infliction of emotional distress, and illegal search and seizure—must be dismissed because defendants are entitled to governmental immunity. Plaintiff brings suit against defendant Atkinson in his capacity as an agent of the Greenville Police Department. [*See* DE 5, p. 1]. "Official capacity suits generally represent an action against an entity of which an officer is an agent." *Brandon v. Holt*, 469 U.S. 464, 469–70 (1985). Thus, the suit must be construed as one brought against defendant Atkinson in his *official*, rather than individual, capacity. "In North Carolina, governmental immunity serves to protect a municipality, as well as its officers or employees who are sued in their official capacity,

3

from suits arising from torts committed while the officers or employees are performing a governmental function." *Fullwood v. Barnes*, 792 S.E.2d 545, 550 (N.C. Ct. App. 2016). In North Carolina, it is "well-established that law enforcement constitutes a governmental function." *Sellers v. Rodriguez*, 149 N.C. App. 619, 623 (2002). Plaintiff bears the burden of proving that defendants have waived their immunity or otherwise consented to suit. *Id.* As she has not done so, each of plaintiff's state law claims must be dismissed.

In sum, plaintiff's complaint fails to allege facts necessary to sustain any actions under state or federal law, and it will be dismissed. For this reason, her motion for summary judgment must also be denied.

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 14] is GRANTED and plaintiff's motion for summary judgment [DE 18] is DENIED. The Clerk is DIRECTED to close the case.

SO ORDERED, this **14** day of October, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4